JONES VS. GILMAN.

A court has power, upon motion with due notice to the other party, to set aside an order of discontinuance which has been entered through inadvertence or a misapprehension of the facts, and to re-instate the cause upon the calendar.

Where, in an action to foreclose a mortgage, payment of a part of the sum secured by the mortgage was admitted by the pleadings, but the court found that the whole of said sum was due and rendered judgment accordingly, a general exception "to the finding and to each and every part thereof, both of fact and of law," is sufficient to enable this court to review and correct the error.   *Quære*, whether any exception was necessary.

A judgment for the foreclosure of a mortgage executed after chapter 195 of the Laws of 1859 went into operation, should conform to that act and contain a clause giving the defendant the right of redemption within one year from the sale, and not attempt to bar that right from the date of the sale.

APPEAL from the Circuit Court for *Dane* County.

Action to foreclose a mortgage executed to the plaintiff by the defendant *Mary N. Gilman*, May 18, 1859, to secure her note of same date for $600 with 12 per cent. interest. The defendant's answer set up the defense of usury, and also a counter-claim for $104 54. The plaintiff's reply admitted the counter-claim. When the case was reached by the circuit court, on the 5th of January, 1861, an order was made, at the plaintiff's request, discontinuing the action. On the next day, upon application of the plaintiff's attorney, and after notice to the defendant's attorney, who appeared and resisted the application, the order of discontinuance was set aside, the case was heard on the pleadings and evidence, a jury being waived; and the court found, among other things, that there was due the plaintiff from said defendant $717 60, being the entire amount of the principal and interest of said note and mortgage; and judgment was entered for that sum, and for a sale of the mortgaged premises, and that the defendant and all persons claiming under her after the filing of the notice of the pendency of the action, be forever barred and foreclosed of all right and equity of redemption in the mortgaged premises. The defendant excepted "to the finding and each and every part thereof, both of fact and law," and appealed from the judgment.

*Welch & Lamb*, for appellant:

1. A discontinuance by the plaintiff under the Code, is equivalent to a nonsuit under the former practice, and is a substitute for it. *Holmes vs. Slocum*, 6 How. Pr. R., 218; *Harrison vs. Wood*, 2 Duer, 50. When one suffers a voluntary nonsuit he is out of court, and cannot be reinstated. *Murray vs. McDougall*, Penn. (N. J.), 695; *Forbes vs. Luyster*, 2 Hall, 403; *Beall vs. Breckenridge*, 3 J. J. Marsh., 695; *Worke vs. Byers*, 3 Hawks, 228; 2 B. Mon., 262; 5 Blackf., 168; 4 Wheat., 73; 20 Miss. (5 Bennett), 323, 432. The same rule prevails in chancery. 1 Barb. Ch. Pr., 228; *Bowden vs. Beauchamp*, 2 Atk., 82. 2. The judgment is excessive by the amount of the counter-claim admitted in the pleadings. 3. The mortgagor is entitled to a year after the sale to redeem the land. Laws of 1859, chap. 195, p. 217.

*Julius T. Clark*, for respondent:

There being but one general exception to the finding as a whole, if any part of the finding is correct, then the exception fails and the judgment must stand. *Chandler vs. Pettit*, 1 Paige, 427; *Franklin vs. Keeler*, 4 id., 381; *Noble vs. Wilson*, 1 id., 164.

*By the Court*, COLE, J. We have no doubt that the circuit court had power to set aside the discontinuance which had been entered in this case under a misapprehension. That order was inadvertently made undoubtedly, and the court properly corrected the mistake which had been committed. The cause was re-instated, it appears, upon motion, and upon due notice to the opposite party, and we can see no objection to the practice here adopted. For certainly, if a cause happens to be discontinued through a mistake of the court or counsel, as to the service of process or the state of the pleadings, the error ought not to be irreparable. Through somebody's blundering, it seems, the order of discontinuance was entered, when the pleadings were all in and the issues made up, but the next court day the order was set aside. The court undoubtedly properly vacated the order of discontinuance.

The judgment of foreclosure is however for too large an

amount. The respondent admitted in his reply the justness of the counter-claim, and that $104 54 had been paid on the note and mortgage. This should obviously have been deducted from the amount of the mortgage debt.

The counsel for the respondent intimated that this error could not be reached on this appeal, because there was a general exception taken to the judgment. This, however, is a mistake. The error appears upon the face of the pleadings themselves. The respondent has taken a judgment for $104 which, he admits, has been paid. It is doubtful whether any exception would be necessary to enable us to review such an error obvious upon the very pleadings in the case. Suppose a party files a complaint, claiming that five hundred dollars are due him upon a note and mortgage therein set forth, and then takes judgment for a thousand dollars; must the aggrieved party file his exceptions to the judgment in order to enable this court to review and correct such a palpable error upon the record? We think not. But however this may be, here was a general exception, and this surely was sufficient to save the point.

There is another error in the judgment. It orders the mortgaged premises to be sold by the referee, and absolutely bars and forecloses all the interest and equity of redemption of the appellant in the premises. The mortgage was executed after chapter 195, Laws of 1859, went into operation. That law gave the appellant one year after the sale to redeem the property sold. The judgment should conform to the statute, and contain a clause giving the appellant this right of redemption within a year from the sale, and not attempt to bar that right absolutely.

We therefore think the judgment of the circuit court should be modified, by deducting from the amount found. due on the note and mortgage the ·sum the respondent admits has been paid thereon, and also by inserting a provision giving the appellant, &c., the right to redeem within a year from the sale, in conformity to the law of 1859, with costs of this ˙court to the appellant. Cause remanded for further proceedings in accordance with this decision.