### BRIGGS VS. SEYMOUR.

The right of redemption is favored in the law, and where it is admitted in the pleadings, courts will not scan very closely the transaction out of which it is claimed to arise, for the purpose of defeating that right.

A. purchased of B. land subject to a mortgage, executed by B. to secure three notes for $1,000 each for part of the purchase money due from B. to his grantor. The deed from B. was, for A.'s accommodation, made to C., who agreed to convey, and subsequently did convey, the land to A., at his request. While the apparent title was still in C., A. obtained a transfer to himself of the first of the mortgage notes, which was then due, and was payable to bearer. *Held*, that the note was extinguished, and the mortgage ceased to be a lien upon the premises *pro tanto*, and the note could not afterwards be made evidence of any equitable interest in the land in A., as against a person to whom he had conveyed said land with an agreement that it should be re-conveyed to him upon his paying the outstanding liens upon it.

A party who effected a sale of his land subject to a mortgage, by representing that such mortgage was a subsisting lien for only two of three notes secured thereby, is estopped from claiming, as against his vendee, that the mortgage is a lien to secure the third note, which is in his possession.

A recital in a deed that the premises are conveyed " subject to a mortgage for $3,000, and interest accrued thereon, * * which mortgage for the sum aforesaid, and interest accrued thereon, the [grantee] undertakes to pay and discharge," does not estop the grantee from showing that a part of said sum of $3,000 had been paid before the execution of the deed, and that the mortgage had ceased to be a lien *pro tanto*. Such language in the deed is merely descriptive of the mortgage which the grantee is to discharge.

An answer which alleges, by way of counter-claim, that certain goods, wares and merchandize, of a specified value, "were furnished and delivered by the defendant for and on account of the plaintiff, to W. S , for which the plaintiff

is liable to pay the defendant," does not state a cause of action, because it does not aver that the goods were delivered at the plaintiff's request, or upon his responsibility.

An answer which alleges, in substance, by way of counter-claim, that the plaintiff induced W. S., the defendant's father, by promising to support him for the remainder of his natural life, to convey to him, said plaintiff, valuable real estate, but that the plaintiff afterwards neglected and refused to support said W. S., and the defendant was compelled to provide for his maintenance, states a cause of action in favor of W. S., but not one in favor of the defendant.

A judgment to foreclose the equity of redemption which grows out of an oral defeasance accompanying a deed absolute on its face, should provide, like the judgment of foreclosure in other cases, for a redemption of the land within one year after the sale, as directed by chap. 195, Laws of 1859.

APPEAL from the Circuit Court for *Kenosha* County.

Action commenced in March, 1861, to foreclose the defendant's equity of redemption in certain lands. The complaint avers that on the 1st of August, 1859, the defendant owned and possessed the lands in question; that the lands on that day were incumbered, first, by "notes and a mortgage for $3000, dated November 8, 1855, given by one Truesdell to Hiram Bacon," which mortgage "was mostly unpaid;" secondly, by a judgment rendered against the defendant and in favor of the plaintiff herein, in said circuit court, December 31, 1858, amounting to $770.09; that one of said mortgage notes was held on said 1st of August, 1859, by Alonzo Campbell, and another by Hiram Bacon, each being for the sum of $1,000 with interest; that on the day last mentioned Hiram Bacon sold and transferred his interest in the note held by him to Leonard C. Bacon; that on the same day the defendant, "being fearful that he would not be able to clear the land from said incumbrances, conveyed it by warranty deed to said Leonard C. Bacon, and took from him at the same time a verbal defeasance, in which it was agreed between said Leonard and the defendant that the latter should be allowed to redeem the land on paying said Leonard the amount of the incumbrances thereon at any time within one year from the day of sale;" that thereupon the plaintiff discharged of record his said judgment against the

defendant, and took Leonard C. Bacon's note for the amount of it; that on the 18th of October, 1859, the plaintiff purchased the lands in question of Leonard C. Bacon, and took his warranty deed, which was recorded on the 20th of the same month, "subject, however, to a mortgage of $3,000 heretofore mentioned;" that about that time the defendant expressed great dissatisfaction because the plaintiff had purchased the premises, and informed the plaintiff of the agreement between Leonard C. Bacon and himself, above stated, and the plaintiff agreed to allow the defendant to redeem the premises at any time before the 1st of August, 1860, by paying the plaintiff "what he had or should have against said premises, with 12 per cent. interest;" that the defendant had wholly failed to redeem or purchase back the said premises from the plaintiff, who had at all times been and now was ready and willing to convey the same to him on payment of the moneys aforesaid; that on the 18th of October, 1859, the plaintiff paid Leonard C. Bacon the $1,000 mortgage note held by the latter, as aforesaid; that on the 1st of August, 1860, he paid Alonzo Campbell the mortgage note held by him as above stated; and that the whole amount of said notes and judgment, with interest, was due him from the defendant, and no proceedings had been had, &c. The complaint therefore demanded judgment that the defendant, and all persons claiming under him subsequent to the commencement of the action, might be barred, &c.; that the premises might be sold to make the amount due the plaintiff; and that the defendant might be adjudged to pay any deficiency.

The answer alleged that before the 1st of August, 1859, the defendant obtained, and then held and owned, the first of the $1,000 notes secured by the Truesdell mortgage as described in the complaint, which note fell due November 8, 1856; that on said 1st of August, 1859, Hiram Bacon, who held one of the other two notes, proposed to buy of the defendant said lands, "subject to the mortgage of $3,000 and the judgment

Briggs vs. Seymour.

in favor of the plaintiff, and give the defendant time to pay them, if the defendant would allow him twelve per cent. interest;" and it was agreed that the defendant should give him a deed of the mortgaged premises, and said Hiram should give the defendant an agreement or bond to reconvey the premises to him, or to any one whom he should direct, on being paid the said two notes of $1,000 each, and the said judgment; that when the deed was being made out, it was made, at the request of said Hiram, to his son, Leonard C. Bacon, as grantee, but on account of the defendant's haste the bond or agreement for a reconveyance was not executed at that time, but it was understood between the parties that said deed was only a security for said mortgage debt and the amount of said judgment; that soon after the defendant called on Hiram Bacon for said agreement or bond, but he refused to give it, and had never since given it; that Hiram Bacon afterwards sold the land to the plaintiff, "subject, however, to the defendant's claims and demands thereon," and the defendant called on the plaintiff to execute said agreement or bond, which the plaintiff then agreed to give him, but never has in fact given. The answer denies that the defendant ever agreed to pay 12 per cent. interest on the amount of said judgment and mortgage notes. It also sets up three counter-claims, as follows: 1. Damages in the sum of $2000 for losses resulting to the defendant from the plaintiff's endeavoring to induce the defendant's tenants to attorn to him (said plaintiff) as their landlord, from his slandering the defendant's title to the lands in question, and claiming title in himself, preventing the defendant from selling the land, &c. 2. An account amounting to $177.18 for goods, wares and merchandize "furnished and delivered by the defendant for and on account of the plaintiff, to William Seymour, for which the plaintiff is liable to pay the defendant." 3. That the plaintiff had induced William Seymour, the father of the defendant, by promising to support him for the re-

mainder of his natural life, to convey to him, said plaintiff, certain real estate in the city of Kenosha, of the value of $4000 or $6000 ; that the plaintiff afterwards neglected and refused to support said William, and the defendant, in consequence, was compelled to provide for his maintenance, and would be obliged to do so for the remainder of his, said William's, natural life, for which the defendant claimed damages of the plaintiff in the sum of $4000.

The plaintiff replied, denying every material allegation of the answer setting up any counter-claim. As to the defendant's claim of a lien upon the land to secure the payment of the $1000 mortgage note held by him, the replication alleged that when the defendant first purchased the land, (which was some time previous to August 1,1859,) he requested the plaintiff to allow his (plaintiff's) name to be inserted as grantee in the deed, on the ground that the defendant was about to obtain a divorce from his wife, and did not desire the land to become subject to her right of dower, and it was understood that the plaintiff was to convey the land to the defendant as soon as said divorce had been obtained ; that the plaintiff subsequently conveyed the premises to the defendant, in pursuance of said agreement ; and that while the defendant was the real owner of the land, but the apparent title was in the plaintiff, the defendant paid and took up said mortgage note, as a part of the incumbrance subject to which he had bought the land.

On the trial, there was conflicting evidence as to whether, when the deed from the defendant to Leonard C. Bacon was executed, it was agreed between the parties to the sale that the $1000 mortgage note held by the defendant was still a part of the debt for which the Truesdell mortgage constituted a lien upon the premises. The evidence tended to show an agreement, at that time, that the land should be reconveyed to the defendant upon the payment by him, within one year, of the other two notes and the plaintiff's judgment, with twelve per cent. interest from that date ; and that Bacon agreed.

to give the defendant an instrument in writing setting forth said agreement, but afterwards refused to do so. The deed from defendant to Leonard C. Bacon was read in evidence, and contains the following words : "The above sale and conveyance is made subject to the following described incumbrances upon the premises, to wit : 1. A mortgage for the sum of $3000, executed thereon by Gideon Truesdell to Hiram Bacon, bearing date the 8th of November, 1855, and interest accrued thereon since November 7th, 1857, at seven per cent. per annum. 2. A judgment in the Kenosha county court for $756.09, and for $14.00 costs * * * rendered against the said *Chauncey Seymour*, in favor of *Cyrus Briggs*, and docketed in said court December 31, 1858, * * * ; which said mortgage and judgment for the several sums as aforesaid, and interest accrued thereon, the party of the second part, as the consideration to be paid by him for the sale and conveyance to him of the above described premises, hereby promises to pay, satisfy and discharge, and in all things to save the party of the first part and his grantees harmless therein." The deed. from Leonard C. Bacon to the plaintiff was also read in evidence, and after the description of the premises, contained these words : "Subject, however, to a mortgage for the sum of $3000, executed thereon by Gideon Truesdell to Hiram Bacon," &c. The mortgage from Truesdell to Hiram Bacon, which was read in evidence, recited that the $3000 secured thereby was a part of the purchase money of the premises. The plaintiff proved that he had paid the two mortgage notes which had been held by Hiram Bacon and Alonzo Campbell at the time he took the deed from Leonard C. Bacon, and had also discharged of record, in August, 1859, the judgment in his favor against the defendant, as alleged in the complaint, and afterwards surrendered to Hiram Bacon the note given by said Hiram for the amount of such judgment. As a witness for himself the defendant was asked, "Have you any account or claim against the plaintiff for goods and articles or other prop-

erty delivered or furnished ?"   His counsel stated that they offered this evidence "to prove their counter-claim stated in their answer."   The plaintiff objected, "and the court sustained the objection, ruling out the whole of the counter-claim stated in the answer."   The other evidence need not be stated.

The court found that the plaintiff had, by virtue of his deed and the verbal defeasance set forth in the complaint, a claim against the defendant, which was a lien by way of equitable mortgage upon the land described in the complaint, to the amount of $3200, with interest at seven per cent. from August 1, 1859, no part of which had been paid, and also that the mortgage note held by the defendant, being taken up by him while he held the equity of redemption in the premises, was entirely cancelled and extinguished, and that the plaintiff was entitled to a judgment of foreclosure and sale, &c.   Judgment was accordingly rendered, that the mortgaged premises, or so much thereof as should be necessary to pay the amount found due, with costs, &c., and as could be sold separately without prejudice, &c., should be sold at public auction by the sheriff; "that the sheriff execute to the purchaser or purchasers a deed or deeds of the premises sold ; "  " that the defendant and all persons claiming under him, and all persons having any lien subsequent to the said 1st of August, 1859, (that being the time when said equitable claim was created), and their heirs," &c., be foreclosed of their equity of redemption in the premises; "and that the purchaser at such sale be let into possession of the premises on production of the sheriff's deed thereof."

The defendant excepted to the finding, on the grounds that the court did not find the facts upon all the issues in the action, and the conclusions of law were not warranted by the facts proven or found; and also excepted to and appealed from the judgment.

*J. J. Pettit,* for the appellant, contended that the evidence showed that the land was *sold* to Hiram Bacon, and conveyed

by deed absolute to Leonard S. Bacon, with a covenant on his part to pay the whole amount of the $3,000 mortgage, includ ing the $1,000 note held by the defendant; and that the court erred in treating the transaction as a mortgage. 2. That if there was any such agreement as stated in the complaint, by which the payment of the two notes and the amount of the plaintiff's judgment was forborn for one year upon condition of the payment of 12 per cent. interest, such agreement was usurious, and was void for all purposes whatever; the deed to Bacon, if grounded on it, was also void, and the parties were remitted to their rights as they existed prior to that transaction. Laws of 1859, ch. 160; *Brandeis v. Neustadtl,* 13 Wis., 149; *Wood v. Lake,* id., 95, 553; *Knowlton v. Walker,* id., 276; *Root v. Pinney,* 11 id., 84; *Crawford v. Morrell,* 8 Johns., 253; R. S., ch. 134, sec. 54. 3. If the transaction was a mortgage, and the land shall be sold, the defendant is entitled to have his $1,000 note first paid out of the proceeds. 4. The mortgage, if any, being an equitable one, the judgment should have directed that the defendant pay the amount found due within a reasonable time therein specified, or be foreclosed of his equity of redemption; and that in case of payment within the time fixed by the court, the plaintiff convey to the defendant, but on failure to pay, the title be confirmed in the plaintiff. *Button v. Schroyer,* 5 Wis., 598; 13 id., 272. The judgment was also erroneous in directing the sheriff to execute a deed to the purchaser, instead of a certificate of sale (Laws of 1859, ch. 195, sec. 1); and in not allowing the defendant and his judgment creditors a year to redeem. For these reasons the judgment cannot stand. *Howe v. English,* 6 Wis., 263–4; *Wood v. Trask,* 7 id., 573; *Sauer v. Steinbauer,* 10 id., 370; R. S., ch. 145, sec. 5.

*O. S. & F. H. Head,* for respondent, contended, among other things, that the judgment was correct. The law giving the defendant in a foreclosure suit a year after sale to redeem, is not applicable to a case like the present. It was in entire con-

travention of the former laws and practice of the state, and will not therefore be construed to apply to other cases than those clearly within its provisions. The words of the statute are explicit: "In all cases of sales of *mortgaged* lands * * * upon the foreclosure of any *mortgage* hereafter executed," &c. " The officer shall file in the office where the *mortgage* is recorded" &c. Laws of 1859, p. 217. This court has held that the rule that an absolute deed may be converted by parol into an equitable mortgage, is one which should not be extended beyond the cases already decided. *Rasdall's Adm'rs v. Rasdall,* 9 Wis., 393 ; *Rogan v. Walker,* 1 id., 527. The extent of the principle as laid down by the existing decisions is, that the equitable mortgagor has a right to have a reconveyance of the premises upon repaying the money loaned and interest ; that he has an equity of redemption in the premises. This is conceded him by the proceedings and judgment in this action. He has no right to claim that his deed was an actual mortgage, and thus that he is entitled to the provisions of the law of 1859 above cited. It is not a mortgage. It is everywhere recognized and treated as a deed—is recorded as a deed—is a deed. The law of 1859 can be applied only to mortgages.

*By the Court,* DIXON, C J. Whether the transaction between the defendant and Bacon, and subsequently assented to by the plaintiff, was a conditional sale or a mortgage, we need not inquire. It is enough that the parties, both by the complaint and answer, have treated it as a mortgage. The right of redemption is favored in the law; and where it is admitted by the pleadings, courts will not scan the transaction very closely for the sake of defeating it. Taking the parties at their word, we hold the interest of the plaintiff to be that of a mere mortgagee.

The first $1,000 note secured by the Truesdell mortgage, and now in the possession of the defendant, is extinguished. The proof shows that it was obtained by the defendant by payment

at a time when he was responsible for the debt. The mortgage thenceforth ceased to be a lien on the premises *pro tanto*, and the note is of no avail in the hands of the defendant as a lien or evidence of any equitable interest whatsoever. But if this were not so, the defendant is estopped by the transaction with Bacon. He then represented the mortgage as a subsisting lien only for two of the notes, that held by Bacon and the one owned by Campbell. He cannot now, because it serves his interest, bring forward the note in his possession, and claim that as a lien also.

The recital in the deed to Bacon does not estop him or the plaintiff from showing the real sum due upon the mortgage, the payment of which Bacon assumed. The language is descriptive, and is as appropriate after one of the notes was cancelled as it would have been before. The mortgage was still properly described as "for the sum of three thousand dollars."

No evidence was given in support of the first counter-claim, and the second and third are clearly insufficient. No liability on the part of the plaintiff is shown in either. The goods and merchandize delivered to William Seymour, as stated in the second, are not averred to have been delivered at the request of the plaintiff or upon his responsibility. And the cause of action set out in the third is one in favor of William Seymour, and not of the defendant.

So far there is no error in the proceedings. But as the transaction was subsequent to the act authorizing the redemption of lands sold under foreclosure (Laws of 1859, chap. 195), and as the judgment does not provide for such redemption, it must be modified in conformity with the act. *Jones v. Gilman*, 14 Wis., 450.

Ordered accordingly.