CARBERRY VS. BENSON and others.

Where a judgment in foreclosure of a mortgage executed after chap. 195, Laws of 1859, took effect, did not contain a clause reserving to the mortgagor, and his assigns and subsequent incumbrancers, the right of redemption within one year from the sale, but attempted to bar such right from the date of the sale, this court, on appeal of the parties interested, directs the judgment to be modified by the insertion of such a clause. *Jones v. Gilman*, 14 Wis., 450, followed.

The best evidence of the filing of a notice of *lis pendens* in a foreclosure action, is a copy of the notice certified by the register of deeds; but where the plaintiff introduced in evidence *without objection* a notice in due form, with an affidavit of his attorney that a copy thereof was filed in the office of the register of deeds more than twenty days prior to the application for judgment, this was sufficient to sustain the judgment.

APPEAL from the Circuit Court for *Sheboygan* County.

This appeal was from a judgment foreclosing a mortgage of real estate.

*J. A. Bentley*, for appellants.

*Wm. M. Nichols*, for respondent.

*By the Court*, COLE, J. In *Jones v. Gilman*, 14 Wis., 450, it was held that a judgment of foreclosure of a mortgage executed after chapter 195, Laws of 1859, went into operation, should conform to the provisions of that act, and contain a clause giving the mortgagor, his assigns and subsequent incumbrancers, the right of redemption within one year from the sale. The judgment in this case is absolute, or attempts to

bar this right from the date of the sale. The judgment should therefore be modified in this particular, so as to secure this right of redemption.

It is objected that no proof was made of filing notice of *lis pendens*. This objection is not sustained by the record. A proper notice of the pendency of the action was introduced without objection, accompanied by an affidavit of the attorney of the plaintiff, stating that a copy of such notice was filed in the office of the register of deeds more than twenty days prior to application for judgment. Now conceding that this was not the best or highest proof of filing notice of *lis pendens*, but that a copy of the notice certified by the register should have been produced, still, as it was not objected to on the trial, it was certainly sufficient.

The further objection that the judgment directs the payment of the whole mortgage debt when only a part is due, is not sustained by the record.

The judgment of the circuit court will be modified as before stated.