WALKER VS. GULLIFORD and others.

FORECLOSURE OF MORTGAGE. (1, 2) *Judgment must contain redemption clause.* (3) *A regular sale of mortgaged premises and certificate thereof in accordance with law, will not cure the omission.*

PRACTICE. (4) *Motion to set aside a judgment pending when appeal taken therefrom, will not affect such appeal.*

1. It is settled in this state that a judgment of foreclosure of a mortgage executed after ch. 195, Laws of 1859, took effect, must contain a clause giving the mortgagor the right of redemption within a year from sale.

2. The judgment of foreclosure and sale in this case contained no redemption clause; directed the sheriff to execute to the purchaser a *certificate* of sale, and that such purchaser be let into possession on production of the sheriff's deed and a copy of the order confirming the sale; adjudged that defendants be forever barred, etc., as to the premises so sold; and did *not* direct the sheriff to withhold a deed until one year after the sale. *Held,* erroneous. *Rosseel v. Jarvis,* 15 Wis., 571, distinguished.

3. Even if it appeared from the record that the premises had been sold, and a certificate of the sale given by the sheriff, in pursuance of the law of 1859, the judgment would still have to be reversed; the defendants being entitled to the benefit of a sale made *under a correct judgment.* But those facts do not appear, and cannot be presumed.

4. If a motion to set aside the judgment was pending in the court below when this appeal was taken, that did not affect the appeal; and it was not necessary, therefore, that the printed abstract of the case in this court should show that portion of the record.

APPEAL from the Circuit Court for *Grant* County.

Action to foreclose a mortgage on real estate, executed in 1870. Judgment of foreclosure and for the sale of the mortgaged premises was entered March 8, 1873. It contains no redemption clause, but directs that "the sheriff execute to the purchaser or purchasers a certificate of sale of the premises sold," and that "the purchaser or purchasers at such sale be let into possession on production of the sheriff's deed and a copy of the order confirming such sale." It is also adjudged

therein that the defendants, and all persons claiming under them, etc., " be forever barred and foreclosed of all right, title, interest and equity of redemption in said mortgaged premises so sold, or any part thereof."

The defendants appealed from the judgment.

*Geo. C. Hazelton* and *Barber & Clementson*, for appellants, contended that the judgment was erroneous for two reasons : 1st. Because it barred absolutely the equity of redemption. 2d. Because it was made without inquiry on the part of the court or referee as to whether any portion of the mortgaged premises consisted of a homestead, and contains no provision directing a sale of the other lands first, in case the same should in part consist of a homestead. Upon the first point they cited Laws of 1859, ch. 195 ; 2 Tay. Stats., 1701, § 3, and 1702, § 5 ; *Jones v. Gilman*, 14 Wis., 450 ; *Van Nostrand v. Mansfield*, 16 id., 224 ; *Briggs v. Seymour*, 17 id., 255 ; and distinguished the case at bar from *Rosseel v. Jarvis*, 15 id., 571, where the judgment directed the sheriff to issue a certificate of sale specifying that the purchaser would be entitled to a deed after the expiration of one year from the date of sale, unless the land should be sooner redeemed according to law. As to the second point they cited ch. 133, Laws of 1870 ; 2 Tay. Stats., 1699, § 1 ; *Lloyd v. Frank*, 30 Wis., 306.

*L. J. Wooley*, for respondent :

1. This appeal has been brought while appellants have pending in the circuit court a motion to vacate the judgment. This fact is withheld by appellants for the purpose of misleading the court, and the appeal should be dismissed under S. C. Rules, 8 and 22. 2. The printed case does not show wherein the appealing party is aggrieved by the judgment, nor does it specify from what part of it they appeal. Laws of 1860, ch. 26, secs. 2 and 3 ; 30 Wis., 306 ; 19 id., 38. 3. Although the judgment contains no redemption clause, it provides for a sheriff's certificate, and the certificate actually executed by the sheriff contains a clause providing for a year's redemption. *Walker v.*

*Jarvis*, 16 Wis., 28. 4. The objection that the judgment contains no provision in regard to the homestead is invalid, as it appears that the mortgage was executed by the owners of undivided interests in the lands, and no homestead could have been selected. *West v. Ward*, 26 Wis., 579. Moreover, it does not appear that the moving party has been injured by the irregularity, or that the homestead has been sold. *Lloyd v. Frank*, 30 Wis., 306; *Warren v. Foreman*, 19 id., 35.

LYON, J. By repeated adjudications of this court, the law is settled in this state, that a judgment of foreclosure upon a mortgage executed after ch. 195, Laws of 1859, went into operation, must contain a clause giving the mortgagor the right of redemption within a year from the sale. *Jones v. Gilman*, 14 Wis., 450; *Van Nostrand v. Munsfield*, 16 id., 224; *Briggs v. Seymour*, 17 id., 255; *Carberry v. Benson*, 18 id., 489. See also *Rosseel v. Jarvis*, 15 id., 571. The judgment in this case contains no such clause, and is therefore erroneous. True, it directs the sheriff to give the purchaser a certificate of sale. In this respect it is like the judgment in *Rosseel v. Jarvis;* but it is unlike that judgment in that it does not direct the sheriff to withhold a deed until one year after the sale. It is said in the brief of counsel for the plaintiff, that the premises have been sold by the sheriff, and a certificate of sale given by that officer to the purchaser, pursuant to the law of 1859. These facts do not appear in the record of the case returned to this court, and we cannot presume that they exist. But did they appear in the record, the result would be the same. The mortgagors are entitled to have the premises sold on a correct judgment. It is fair to presume that if the judgment is defective in substance, persons who might otherwise bid at the sale will be deterred from doing so, and that thus the property may be sold for a less sum than it would have brought under a proper judgment. For this reason the mortgagors, or any of the defendants interested in the equity of redemption, have the right

to insist that the judgment shall be in legal form, to the end that the mortgaged property may sell for the highest attainable price.

2. It is said in the brief of counsel for the plaintiff, that this appeal was taken pending a motion by the defendants in the circuit court to vacate the judgment; and it is argued that the appeal should be dismissed for the reason that the printed abstract of the case does not show that any such motion was made. The record fails to show the pendency of such motion, or that the motion was made in the circuit court at any time. But did it appear therefrom that the motion was made and was pending when the appeal was taken, it is not perceived how the appeal could be thereby affected, or that there was any necessity for printing that portion of the record.

*By the Court.* — The judgment of the circuit court is reversed, and the cause remanded with directions to that court to render the proper judgment.