WELP vs. GUNTHER and wife.

*February 10 — February 24, 1880.*

FORECLOSURE OF LAND MORTGAGE. *(1) What statute governs the judgment. (2) Form of judgment under present statute. (3) Purchaser's right to the possession.*

1. Judgment in foreclosure must conform to the statute then in force regu-

| 48 | 543 |
| 78 | 550 |
| 48 | 543 |
| 91 | 65 |
| 48 | 543 |
| f 103 | 189 |
| 103 | 190 |
| 104 | 38 |

Welp vs. Gunther and wife.

lating the practice, or it will be reversed, at least where it does not clearly appear that the appellant will suffer no prejudice from the want of such conformity.

2. Under the existing statutes of this state, personal judgment against the mortgagor for the whole amount of the mortgage debt, or even for the deficiency after a sale of the mortgaged property, cannot be rendered with the judgment of foreclosure; though that judgment may include an *order* (if demanded in the complaint) that a judgment for the deficiency be entered after such deficiency shall have been duly ascertained; and this can be done only after the sale is made *and confirmed;* and a judgment in violation of this rule must be reversed.

3. The statutory provision (sec. 3169, R. S.) that the purchaser at foreclosure sale shall be let into possession on production of the sheriff's deed, must be construed as defining the rights of such purchaser *after confirmation of the sale. Wœhler v. Endter,* 46 Wis., 301.

APPEAL from the Circuit Court for *Grant* County.

The defendants appealed from a judgment in plaintiff's favor. The case is stated in the opinion.

The cause was submitted on the brief of *Barber & Clementson* for the appellants, and that of *A. W. Bell* for the respondent.

TAYLOR, J. This is an appeal from a judgment in an action to foreclose a mortgage. The judgment was entered after the R. S. 1878 took effect.

The errors relied on by the appellants for the reversal of this judgment appear in the judgment itself. The first is, that a personal judgment is rendered in favor of the plaintiff against *Joseph Gunther,* who is personally liable for the debt secured by the mortgage, for the whole amount of such debt. The second, that the judgment provides that after the sale is made, if the sum realized thereby shall be insufficient to pay the debt and costs, the sheriff shall certify such deficiency in his report of sale, and that upon filing such report the clerk of the circuit court shall credit the amount realized from such sale, after deducting the costs of sale, upon the personal judgment, and that the plaintiff have execution for the balance

unpaid; and the third, that the judgment directs that the purchaser at such sale be let into possession of the premises sold, on the production of the sheriff's deed or a duly authenticated copy thereof.

The action was commenced before the R. S. 1878 took effect, and the plaintiff's attorney had the judgment entered in strict conformity to chapter 143, Laws of 1877, which was in force at the time the action was commenced. See sections 1, 2 and 7 of said chapter 143. But the judgment was not entered until the R. S. 1878 took effect, and until after said chapter 143 had been repealed. It is admitted that under the provisions of section 4980, R. S. 1878, the judgment should have been entered in the form prescribed by sections 3162 and 3169 of said statutes, so far as relates to the matters above mentioned; but it is insisted by the learned counsel for the respondent, that the irregularities complained of can work no injury to the appellants, and that this court should not reverse the judgment for that reason.

The power to render a personal judgment against the person liable for the debt secured by the mortgage, in an action to foreclose such mortgage, given by section 1, chapter 143, Laws of 1877, was taken away by section 3162, R. S. 1878, which provides that the judgment shall fix the amount of the mortgage debt due or to become due, and when demanded in the complaint the judgment shall contain an order directing that judgment be rendered for any deficiency against the parties personally liable therefor.

It is urged that the personal judgment rendered in the judgment appealed from can work no injury to the appellants, for the reason that, taking the whole judgment together, it is apparent that no execution could be issued against the defendants for the collection of the same until after a sale of the mortgaged premises and the application of the proceeds of such sale to the payment of such judgment, and that then execution can only issue for the balance remaining unpaid

after such application. This would undoubtedly be the construction which should be given to the judgment. Yet it is not clear that, if this judgment is to stand, it might not be docketed as a judgment against the defendant against whom it is rendered, so as to make it a lien upon his other real estate not covered by the mortgage.

Section 7, ch. 143, Laws of 1877, which declared that such a judgment should not be a lien upon real estate until after the sale of the mortgaged premises, having been repealed before this judgment was rendered, it might have been docketed under the provisions of section 2899, R. S. 1878, and under section 2902 have become a lien upon all the real estate of the defendant, to the great prejudice of the defendant. But, however this may be, the direction in the judgment that after the sale and filing of the report the clerk shall issue execution for the balance due upon the judgment after applying the proceeds of the sale to the extinguishment thereof, without any further act, and without waiting for a confirmation of the sale, is clearly erroneous.

Section 3162, R. S. 1878, above quoted, directs that the judgment of foreclosure shall, when demanded in the complaint, contain " an order directing that judgment be rendered for any deficiency against the parties personally liable therefor." This is the only provision of any kind in the present statute which authorizes a judgment for the deficiency; and this court has held that, under a law similar to this, this "judgment," or, as the court say, order after judgment, must be entered after the sale and confirmation thereof.

This case falls within the decision of this court in *Tormey v. Gerhart*, 41 Wis., 54. In that case the judgment provided "that if the proceeds of such sale should be insufficient to pay the amount due the plaintiff, the sheriff should specify the amount of such deficiency in his report of sale, and the defendants John Gerhart and John Kirk should pay the same." This the court held to be a judgment for the deficiency

rendered before sale, and erroneous under section 3, ch. 243, Laws of 1862, which provided that in all actions for foreclosure, "the court may, on motion of the plaintiff therein, in case the moneys arising from the sale of the mortgaged premises shall be insufficient to pay the amount due the plaintiff for principal and interest, costs and expenses of sale, enter or render a judgment against the defendants who executed the note or other evidence of debt accompanying the mortgage, for the amount of such deficiency, at the time of the confirmation of the report of sale or at any time thereafter." Justice Cole, in delivering the opinion in that case, says, in referring to the clause above quoted: "It is clearly a judgment for a deficiency, . . . and cannot be regarded as a direction to the effect that, upon confirmation of the report of sale, an order might be entered that the makers of the notes pay the deficiency, and for an execution, etc. Such clause or direction in a final judgment of foreclosure might be proper enough. . . . But this is a judgment for the deficiency, and, notwithstanding the ingenious argument of counsel for plaintiff, who contends for a different construction, the law of 1862 appears clearly to provide that the court shall not enter an order for the payment of the deficiency until the confirmation of the report of sale."

In the present case, there was a judgment, not only for the deficiency, but for the whole amount of the debt secured, in the judgment of foreclosure, with a proviso, perhaps, that execution should not issue until the amount realized from the sale of the mortgaged premises had been applied to its payment, and then only for the deficiency. The present statute, although not as full and specific as the law of 1862 as to the time when the judgment for the deficiency should be entered, is sufficiently so to show very clearly that the legislature did not intend that any personal "judgment," or, as the court says in the case above quoted, "order" directing the payment

thereof, should be entered until after the report of sale has been confirmed:

The language is: "When demanded in the complaint, the judgment of foreclosure shall contain an *order* directing that judgment be rendered for any deficiency against the persons liable therefor." This language clearly negatives the inference that the judgment for the deficiency shall be contained in the judgment of foreclosure; but the judgment of foreclosure shall contain an order directing a future judgment or order against the parties liable therefor, for any deficiency which shall remain after the proceeds of the sale are properly applied to the payment of the mortgage debt; and it is evident that this order to pay the deficiency cannot be entered until it be first ascertained that a deficiency exists, and its legal existence can be determined only by the confirmation of the sale.

The other objection, that the judgment directs that the purchaser be let into possession upon production of his deed, or a certified copy thereof, follows the language of the present section 3169, R. S. 1878; but as the same section provides that the title shall not vest in the purchaser until after confirmation of sale, and as this court has lately held that such purchaser does not obtain a right of possession until after such confirmation ( *Wœhler v. Endter*, 46 Wis., 301), it is clear that section must be construed to mean that the purchaser shall be let into possession after confirmation of the sale, upon the production of his deed or a duly certified copy thereof.

This court has repeatedly held that, in an action to foreclose a mortgage, the judgment must conform to the statute regulating the practice in such actions, and that, unless it does so conform, it must be reversed upon appeal. *Jones v. Gilman*, 14 Wis., 450; *Van Norstrand v. Mansfield*, 16 Wis., 224; *Carberry v. Benson*, 18 Wis., 489; *Briggs v. Seymour*, 17 Wis., 255.

The State ex rel. The G. B. & M. R. R. Co. vs. Jennings and another.

We are unable to say that the irregularities complained of do not prejudice the rights of the mortgagor. The docketing of the judgment as a personal judgment for the whole sum secured by the mortgage would create an apparent lien upon all his real estate for the full amount of such judgment; or, if not for the full amount, for such amount as should be left unpaid after sale and the application of the proceeds thereof; when under the existing law it is clear that it is not intended that a judgment of foreclosure should be a lien upon any lands except those mortgaged, until after the sale and confirmation, and then only for any deficiency which shall be adjudged due the plaintiff upon motion for an order directing the payment thereof by the party liable therefor. Nor can we say that the appellants are not prejudiced by the order authorizing execution to issue for a deficiency before confirmation of the sale, and without notice to the appellants or any adjudication of the court as to the amount of such deficiency.

*By the Court.* — The judgment of the circuit court is reversed, and the cause remanded with directions to enter judgment in accordance with this opinion.