ALLEN VS. ELDERKIN.

*March 6 — March 31, 1885.*

*Foreclosure of mortgage: Growing crops: Confirmation of sale.*

Under sec. 3169, R. S. the title to land sold on the foreclosure of a mortgage does not vest in the purchaser until the confirmation of the sale, and until then the mortgagor or those claiming under him, having the right of possession, may cut and remove all crops which are in condition to be cut and removed in the usual course of good farming.

APPEAL from the Circuit Court for *Walworth* County. The case is sufficiently stated in the opinion.

For the appellant there was a brief by *A. S. Spooner*, and a supplemental brief by *Pinney & Sanborn*, of counsel, and the cause was argued orally by *Mr. Pinney*.

For the respondent the cause was submitted on the brief of *Smith & Wheeler* and *T. D. Weeks.* They contended, *inter alia*, that when the order of confirmation is entered it relates back to the sale, and the purchaser is entitled to have delivered to him the premises in the same condition that they were in on the day of sale, and all crops growing thereon pass to the purchaser. 2 Jones on Mortg. § 1658; *Fuller v. Van Geesen*, 4 Hill, 171; *McLaren v. Hartford F. Ins. Co.* 5 N. Y. 151; *Ruggles v. First Nat. Bank*, 43 Mich. 196.

TAYLOR, J. This is an action of replevin, for about 131 bushels of oats. The plaintiff and respondent claims title to the oats as purchaser of the lands upon which the same were standing, at a foreclosure sale made on the 12th day of August, 1882. The sheriff's deed upon such sale was dated on the day of sale; but the order confirming the sale was not made until the 4th of September, 1882. The appellant and defendant claims title to the oats as owner of the mortgaged premises, and the evidence on the trial shows that the

oats were ripe, and had been cut, threshed, and removed from the mortgaged premises before the mortgage sale was confirmed, on September 4, 1882. The learned circuit judge held that as the evidence showed that the oats were standing uncut on the land at the date of the sale, August 12, 1882, they belonged to the purchaser at the mortgage sale, and judgment was entered in favor of the plaintiff, and defendant appeals to this court.

The learned counsel for the appellant claims that the circuit court erred in directing a verdict for the plaintiff. The only question in this case is whether the title to the mortgaged property vests in the purchaser at a mortgage sale upon the day of sale and the execution of the deed to the purchaser, or upon the confirmation of the sale by the court. If the title vests on the sale and execution of the deed, then the circuit court properly directed a verdict for the plaintiff; but if it does not vest until after confirmation of the sale, then the court should have directed a verdict for the defendant. Under the repeated decisions of this court, a mortgage is a lien upon the real estate mortgaged, and not a conveyance of the title to such real estate. See *Brinkman v. Jones*, 44 Wis. 498, 511; see cases cited on said page 511. Until foreclosure of this mortgage lien, the title to the real estate mortgaged remains in the mortgagor, or his heirs, devisees, grantees, or assigns, and under the statute he is entitled to the possession and use of the mortgaged premises until after such foreclosure. Sec. 3095, R. S.; *Loomis v. Wheeler*, 18 Wis. 524. This being the nature of a mortgage under the laws of this state, it is clear the legislature has full power to determine how the lien of the mortgage shall be enforced and the lands mortgaged sold to satisfy such lien, and necessarily has the power to determine when the title to the property sold shall vest in the purchaser at the foreclosure sale. Sec. 3169, R. S. 1878, is clear and conclusive upon that question. It reads as follows: "Upon any

such sale being made, the sheriff or referee making the same, on compliance with its terms, shall make, execute, and deliver to the purchaser a deed of the premises sold, setting forth each parcel of land sold to him and the sum paid therefor, *which deed, upon the confirmation of such sale, shall vest in the purchaser all the right, title, and interest of the mortgagor*, his heirs, personal representatives, and assigns, in and to the premises sold, and shall be a bar to all claim, right, or equity of redemption therein of and against the parties to such action, their heirs and personal representatives, and also against all persons claiming under them subsequent to the filing of the notice of the pendency of the action in which such judgment was rendered; and the purchaser, his heirs and assigns, shall be let into the possession of the premises so sold on production of such deed, or a duly certified copy thereof, and the court may, if necessary, issue a writ of assistance to deliver such possession."

Under sec. 2 of rule XXVI of the circuit court rules, the judgment in a foreclosure action must direct that the purchaser at the foreclosure sale shall be let into possession of the property after confirmation of such sale, on the production of the deed or a verified copy thereof. The law and the rule above cited were considered by this court in *Wœhler v. Endter*, 46 Wis. 301, and *Welp v. Gunther*, 48 Wis. 543, and it was determined that under them the purchaser at a mortgage sale neither obtained title to nor the right to possession of the mortgaged premises until after a confirmation of the sale by the court in which the judgment of foreclosure was rendered. The decision of this court in the case of *Loomis v. Wheeler*, 18 Wis. 524, was made under a different rule of court, as well as under a different state of the law. When that decision was made the statute of this state defining the rights of purchasers at foreclosure sales was as stated, and the rule of court then in force directed

that the purchaser be let into possession of the mortgaged premises on production of the sheriff's deed.

So far as I have been able to ascertain, the statutes of this state which undertook to define the rights of a purchaser at a foreclosure sale upon a judgment of foreclosure in an action brought in equity to foreclose a mortgage, are in substance the same as sec. 2, ch. 143, Laws of 1877. That section provided that upon the sale the proper officer making such sale should deliver to the purchaser a deed of the premises sold, which deed should vest in the purchaser the same estate and should be as valid as though executed by the mortgagor and mortgagee to the same person, and should constitute an entire bar against all parties to the action, their heirs, and the persons claiming under them; and it also provided that the purchaser should be let into possession of the premises so sold on production of such deed. See sec. 88, p. 293, R. S. 1839; sec. 83, ch. 84, R. S. 1849; sec. 3, ch. 195, Laws of 1859.

The law of 1877 was in force at the time the case of *Wæhler v. Endter, supra,* was decided by this court. Still this court held in that case that the purchaser, under the well-established rules of courts of equity, was not entitled to possession until the sale was confirmed, and therefore, not having the right of possession to the real estate from which the crops were removed by the defendant at the time òf such removal, he could not maintain an action of replevin for the crops so removed. In that case the remark of the chief justice, that "if the sale is regular it will doubtless be confirmed by the court, and the purchaser has an ample remedy in the law to acquire possession and vindicate his rights in the crops," was undoubtedly made with reference to the fact that sec. 2, ch. 143, Laws of 1877, which was applicable to the case, expressly declared that the deed itself, without confirmation, should vest the title in the purchaser, and having

obtained actual possession of the mortgaged premises under his purchase, his right would relate to the time of the execution and delivery of the deed, and that he could then maintain an action for any injury to his estate done after the title vested in him.    Sec. 3169, R. S., changed the law, and declared that the title should not vest in the purchaser upon the delivery of the deed, but upon the confirmation of the sale; and so it was held in *Welp v. Gunther, supra,* that neither title nor the right of possession vested in the purchaser until the confirmation of the sale.    It seems to us clear that under the present statute the purchaser at a foreclosure sale, before confirmation, acquires no greater or other right to the mortgaged premises than the mortgagee.

It is useless to consult the decisions of other courts in other states, which determine the rights of parties under different laws.    The law of this state is plain and unequivocal, and under it it is clear that the title of the mortgagor, or his assigns, is not divested, and vested in the purchaser at a sale upon the foreclosure of a mortgage given by him, until such sale is confirmed.    The mortgagor, and those claiming under him, having the right to the possession and use of the mortgaged property until his title is divested by due course of law, he has the right to cut and remove all crops growing upon the mortgaged premises, which were in a condition to be cut and removed in the usual course of good farming, until the confirmation of the mortgage sale.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.