GERHARDT, Appellant, vs. ELLIS and others, Respondents.

*December 13, 1907—January 8, 1908.*

*Mortgages: Rights of mortgagee: Foreclosure: When title passes: Confirmation of sale: When right to redeem expires: Limitation of actions: Pleading: Complaint: Sufficiency.*

1. A mortgagee of lands in Wisconsin has merely a lien upon the real estate mortgaged to secure his debt.
2. A foreclosure of a mortgage of lands is not completed until the sale on foreclosure is confirmed.

3. Sec. 3165, Stats. (1898), providing for redemption on foreclosure of a mortgage of real estate before sale, does not limit the time for redemption, but merely provides for redemption and the manner of payment at any time before sale.

4. Under sec. 3169, Stats. (1898), limiting the time for redemption on foreclosure of a mortgage of real estate, the title does not pass so as to vest the purchaser with the right of possession until confirmation of the foreclosure sale, and the right of redemption is not barred until the sale is confirmed.

[5. Whether the word "sale" in sec. 3165, Stats. (1898), has reference to the striking off the property to the purchaser or the perfected sale on confirmation, not determined.]

6. In an action by the heir of a mortgagor to redeem, the complaint alleged, among other things, that plaintiff was not yet twenty-two years of age; that the defendants, the mortgagee and his grantees, had been in possession of the mortgaged premises under a referee's deed on foreclosure, the sale never having been confirmed; that the defendants had had the rents and profits and had converted to their own use timber cut from the mortgaged premises; that plaintiff did not know the value thereof, but on information and belief alleged that such value exceeded the mortgage indebtedness, and that an accounting had been demanded and refused. *Held:*

(1) Plaintiff having commenced his action before confirmation and within one year after having become of age, his action was seasonably brought.

(2) The complaint stated a good cause of action, and was not insufficient because it did not allege that plaintiff offered to pay the judgment in the foreclosure action or costs or taxes, and because no tender of any specific amount of money was alleged.

Appeal from a judgment of the circuit court for Polk county: A. J. Vinje, Circuit Judge. *Reversed.*

This is an appeal from an order sustaining an objection to any evidence under the complaint for want of facts sufficient to constitute a cause of action. The action was brought by one of the heirs of the mortgagor against the mortgagee and his assigns in possession for an accounting for rents and waste and to redeem. The complaint states in substance that plaintiff is a son of A. W. Gerhardt, who died intestate August 6, 1888, leaving him surviving his widow, A. W.

Gerhardt, Jr., and the plaintiff; that deceased owned in fee at the time of his death the lands in question and that the same descended to his heirs; that plaintiff has purchased the interests of the widow and A. W. Gerhardt, Jr., in said lands; that in March, 1888, deceased and wife executed a mortgage on said lands to defendant *Ellis* to secure an indebtedness of $50 with interest at eight per cent., which indebtedness became due December 16, 1888; that between February 11, 1892, and June 4, 1895, the defendant *Ellis* attempted to foreclose said mortgage, and on June 4, 1895, caused the lands to be sold to himself for the sum of $210, which was but a small portion of their fair value, and that such pretended sale and report of referee who made the same has never been confirmed nor passed upon by any court; that the plaintiff is entitled to redeem said lands from said sale and mortgage; that on June 26, 1895, defendant *Ellis* caused to be executed to himself a referee's deed of said premises and had the same recorded without the permission or consent of said heirs or any of them, and without right, on November 1, 1896, entered into possession and thereafter retained and enjoyed the rents and profits of the same and cut and removed therefrom and converted to his own use a large amount of timber, logs, and ties of the value of over $600, and so remained in possession until May 10, 1901, at which time he executed to the defendant *Carlson* a warranty deed and delivered the possession of said premises to him, who thereafter held and enjoyed the use, rents, and profits of the same until April 29, 1904, at which time he executed and delivered a warranty deed of the premises to defendant *Hanson,* and *Hanson* took possession and has since held the use, rents, and profits thereof, and that *Hanson* has recently redeeded the premises to defendant *Carlson,* who is now in possession; that plaintiff is not yet twenty-two years of age; that he never knew that his father owned said lands or that he was the owner of an equity of redemption therein until

about the time he arrived at the age of twenty-one years, and never learned of the facts entitling him to redeem until a short time before he commenced this action; that he does not know and has no account of the value of the use, rents, and profits of the premises which have been received and enjoyed by defendants, but is informed and believes that such use, rents, and profits amount to more than the indebtedness secured by said mortgage; that plaintiff has made due demand upon the defendants and each of them for an accounting and that they have refused to account and have refused to allow plaintiff to redeem; that the value of the lands is $1,500; and that the pretended sale to defendant *Ellis* was unfair, fraudulent, and void, and greatly disproportionate to the value of the premises, and without notice to the plaintiff. The prayer is for an accounting for the rents and profits of the mortgaged premises, for the value of the timber cut and removed, that the court determine the amount, if any, which shall remain due the defendants or either of them after applying the value of the rents and profits and timber, and that plaintiff be allowed to redeem; that if the court shall find the amount due plaintiff for rents, profits, and timber is more than is due defendants on the note and mortgage and for taxes the plaintiff have judgment for the excess and for general relief. After sustaining the defendants' objection to any evidence under the complaint the court ordered that the defendants have judgment dismissing the plaintiff's complaint, with costs. Judgment was entered accordingly, from which this appeal was taken.

*W. T. Kennedy,* for the appellant.

For the respondents there was a brief by *Carl M. Lynn* and *L. H. Mead,* and oral argument by *Mr. Mead.*

KERWIN, J.  The only question involved is whether the complaint states a cause of action. This turns mainly upon the construction of secs. 3165, 3169, Stats. (1898), respecting

the time within which a mortgagor, his heirs, personal representatives, or assigns may redeem. A mortgage in Wisconsin holding a mortgage upon lands in this state has a lien upon the real estate mortgaged to secure his debt. *Brinkman v. Jones,* 44 Wis. 498. And a foreclosure is not completed until the sale on foreclosure is confirmed. *Allen v. Elderkin,* 62 Wis. 627, 22 N. W. 842; *Welp v. Gunther,* 48 Wis. 543, 4 N. W. 647. It appears from the complaint that at the time the action was commenced the sale upon foreclosure had not been confirmed, and the question arises whether it was then too late to redeem. There can be no doubt but that the right to redeem persists at least until confirmation of sale, unless that right is cut off by statute. Sec. 3165, Stats. (1898), provides, in effect, that the mortgagor, his heirs, personal representatives, or assigns may at any time before the sale of the premises redeem by paying in the manner specified in this section the amount of the judgment, interest, and costs, and costs subsequent to the judgment, and any sums paid by the plaintiff subsequent to the judgment for taxes. It will be seen that this section does not limit redemption, but merely provides for redemption and the manner of payment at any time before sale. Sec. 3169, Stats. (1898), limits the time of redemption, and provides that upon sale being made the sheriff or referee making the same, on compliance with its terms, shall execute and deliver to the purchaser a deed of the premises sold, which deed, "upon the confirmation of such sale, shall vest in the purchaser all the right, title and interest of the mortgagor, his heirs, personal representatives and assigns in and to the premises sold and shall be a bar to all claim, right or equity of redemption therein, of and against the parties to such action, their heirs and personal representatives, and also against all persons claiming under them subsequent to the filing of the notice of the pendency of the action in which such judgment was rendered; and the purchaser, his heirs

and assigns shall be let into the possession of the premises so sold on production of such deed or duly certified ·copy thereof." It is not necessary to consider whether the "sale" mentioned in sec. 3165, Stats. (1898), has reference to the striking off of the property to the purchaser, or the perfected sale on confirmation. It is clear that the title does not pass until confirmation so as to vest the purchaser with the right of possession. And it is equally clear that the right of redemption is not barred until confirmation of the sale. Sec. 3169, Stats. (1898); *Allen v. Elderkin,* 62 Wis. 627; 22 N. W. 842. So the plaintiff having commenced his action to redeem before confirmation and within one year after becoming of age, his action was seasonably brought. ·

Some point is made by counsel for respondent on the sufficiency of the complaint because it does not allege that plaintiff offers to pay the judgment or costs or taxes and that no tender of any specific amount of money is alleged. But the complaint does allege that the defendant *Ellis* has had possession of the premises for many years and has had the rents and profits thereof and converted to his own use timber to the value of upwards of $600, and continued in possession, taking the rents and profits, until April, 1904, when he deeded the premises to one of the other defendants. The complaint further alleges that plaintiff does not know the value of the rents and profits received by defendants, but avers upon information and belief that they exceed the amount of the mortgage indebtedness, and that he demanded an accounting which has been refused, and defendants have refused to allow plaintiff to redeem. We are convinced that the complaint states a good cause of action and that the court below erred in sustaining the objection to evidence under it and in dismissing the complaint.

*By the Court.*—The judgment of the court below is reversed, and the action remanded for further proceedings according to law.