Kalb and wife, Appellants, vs. Feuerstein and wife,
Respondents.

*March 15—May 7, 1940.*

*J. J. McManamy* of Madison, for the appellants.
*Moran & O'Brien* of Delavan, for the respondents.

Rosenberry, C. J. The facts briefly stated are as fol-
lows: On March 7, 1933, in the county court of Walworth

county the defendants Feuerstein began a foreclosure on the farm of Kalb, the plaintiff. On April 21, 1933, judgment of foreclosure was entered. On October 2, 1934, the plaintiff filed a petition under the Frazier-Lemke Act. On June 27, 1935, Kalb's petition was dismissed in the federal court. On July 20, 1935, the sheriff sold the premises in foreclosure. On August 2, 1935, sheriff's deed was delivered to the purchaser. On August 28, 1935, congress passed the second Frazier-Lemke Act. On September 6, 1935, plaintiff's petition in the bankruptcy court was reinstated, and the June 27, 1935, order was vacated. On September 9, 1935, a certified copy of this order was filed with the clerk of the county court. On September 16, 1935, the sheriff's sale was on due notice confirmed. On December 16, 1935, the county court on application of the Feuersteins issued a writ of assistance which was executed by George O'Brien as sheriff and under which the Feuersteins were put in possession of the premises.

This action was begun by the plaintiffs to recover possession of their premises on the ground that the confirmation of sale made September 16, 1935, and the writ of assistance which was issued December 16, 1935, were void and of no effect. That contention of the plaintiffs has been upheld by the supreme court of the United States. Under the decision of this court in *Allen v. Elderkin* (1885), 62 Wis. 627, 22 N. W. 842, and *Gerhardt v. Ellis* (1908), 134 Wis. 191, 114 N. W. 495, it is held that the rights of the defendants in the foreclosure proceeding are those of a purchaser at a foreclosure sale before confirmation of the sale, and that the defendants were therefore not entitled to the possession of the premises until the sale was duly confirmed. As of the date when this action was begun it does not appear from the complaint that a valid confirmation has ever been had. It must be held therefore that the complaint states a cause of action and that the trial court was in error in sustaining the demurrer.

*By the Court.*—The judgment of the circuit court dismissing the plaintiffs' action is reversed in accordance with the mandate of the supreme court of the United States. Likewise the order of the circuit court sustaining the demurrer of the defendants to the complaint is reversed, and the cause is remanded to the trial court for further proceedings according to law.