George SHUPUT, Jr., Plaintiff-Respondent,

v.

John W. LAUER, Jr., June A. Lauer, Defendants-
Appellants-Petitioners,

Beryl R. ANDERSON, Defendant.

Supreme Court

*No. 81–550. Submitted on briefs September 9, 1982.—Decided
November 2, 1982.*

(Also reported in 325 N.W.2d 321.)

For the defendants-petitioners the cause was submitted on the brief of *John W. Lauer, Jr., pro se.*

For the plaintiff-respondent the cause was submitted on the brief of *James A. Guyette* and *Strnad & Gossens, S.C.,* of Milwaukee.

SHIRLEY S. ABRAHAMSON, J. This is a review of an unpublished order of the court of appeals filed September 22, 1981, summarily affirming an order of the Circuit Court for Waukesha County, John P. Buckley, Circuit Judge, denying the mortgagor's motions to deny confirmation of sale, to vacate the judgment of foreclosure and sale, to relieve the mortgagor from a stipulation, and to grant a new trial.

The principal issue presented for review is whether a mortgagor may challenge a judgment of foreclosure and sale on an appeal from an order confirming the foreclosure sale when the mortgagor fails to file a timely appeal from the judgment of foreclosure and sale. We conclude, as did the court of appeals, that the judgment of foreclosure and sale is not reviewable on an appeal from the order confirming the foreclosure sale. We further conclude that the order of the circuit court denying the mortgagor's motions to vacate the judgment of foreclosure and sale and to relieve the mortgagors from a stipulation entered into as a part of the foreclosure action should be affirmed as a proper exercise of discretion by the circuit court.

I.

The factual and procedural events leading to this court's review are complicated, but most of these events do not concern the issues raised in this review. We set forth only the facts relevant here.

The case arises from a transaction in which the Lauers executed an agreement to acquire a liquor business from Shuput. On January 17, 1980, Shuput initiated an action against the Lauers alleging that they had defaulted on the agreement by failing to make timely payments. On February 25, 1980, the Lauers and Shuput entered into a stipulation by which the Lauers acknowledged the default, established a new payment schedule, and agreed that a further default would accelerate the obligation to pay the remaining principal and accrued interest. The stipulation also provided that in the event of default, Shuput could enter both a judgment of foreclosure and sale of real estate which the Lauers had mortgaged to Shuput and a deficiency judgment against the Lauers for any remaining amount due to Shuput after the sale of the mortgaged premises. The stipulation permitted Shuput to elect to proceed under section 846.101 of the statutes for a six-month foreclosure without deficiency judgment and further provided that the Lauers waived misrepresentation claims and defenses they had raised in the foreclosure action and released Shuput from any claim thereon. In addition, the Lauers unequivocally acknowledged in the stipulation "that the amount owed to [Shuput] as set forth [in the stipulation] is a valid debt and they agree that they have no defenses or claims of offset against it, and furthermore that this Stipulation should stand as a complete release of any and all claims, offsets, defenses or counterclaims they have against [Shuput.]"

After the parties executed the stipulation in February 1980, the matter lay dormant until the summer of 1980 when Shuput again brought the matter before the circuit court. He asserted that the Lauers had not made payments due under the stipulated, revised payment schedule and that he was entitled to a judgment of foreclosure and sale of the mortgaged real estate. During

these proceedings, the Lauers moved to have the stipulation set aside on the ground that Shuput had made various misrepresentations in the transactions relating to the Lauers' acquisition of the liquor business. The circuit court denied the Lauers' motion. A judgment of foreclosure and sale was entered on July 29, 1980; a notice of judgment was served on the Lauers on August 15, 1980. The Lauers did not appeal from the circuit court's judgment of foreclosure and sale or from the order denying their motion to set aside the stipulation.

Pursuant to the judgment of foreclosure and sale, a sheriff's sale of Lauers' real estate was held on February 23, 1981. Shuput purchased the real estate for $35,-000, subject to a $34,750 first mortgage held by Mutual Savings.¹ Shuput then moved the circuit court for an order confirming the sale. During the proceedings to confirm the sale the Lauers did not raise any issues relating to the sale itself but made motions seeking the

¹ In an action separate from the instant case the first mortgagee, Mutual Savings, sought and obtained a judgment of foreclosure and sale of the same real estate involved in the instant action. The defendants in that action were the same parties as in the instant foreclosure action. At the sheriff's sale the real estate was sold to Shuput, and the sale was confirmed. No appeal was taken in that proceeding. Shuput asserts that the foreclosure proceeding by Mutual Savings renders this review moot since the judgment of foreclosure and sale in that case and the confirmation of the sale terminate all the interests of the junior lienholders and of the Lauers. The Lauers argue the case is not moot.

Whether or not the case is moot, this court may retain a review for determination of an issue where the issues are of significant public importance and a definitive decision is essential to guide the courts or litigants. *Ziemann v. Village of North Hudson*, 102 Wis. 2d 705, 712, 307 N.W.2d 236 (1981). We conclude that clarification of appellate procedure in foreclosure actions is of sufficient significance that we should decide the issue presented in this case.

following relief: an order denying confirmation of the sale, an order vacating the sale and the judgment of foreclosure and sale, an order relieving the Lauers from the stipulation, and an order granting a new trial.

The circuit court issued an order confirming the sale and denying the Lauers' motions. The Lauers appealed from the order. The court of appeals summarily affirmed the circuit court's order.

## II.

The court of appeals held that while the Lauers could have attacked the underlying judgment of foreclosure and sale on a timely appeal from that judgment, on an appeal from an order confirming the sale, only issues respecting the sale itself can be raised.

The Lauers contend that they may contest the judgment of foreclosure and sale on an appeal from an order confirming the sale, reasoning as follows: (1) The judgment of foreclosure and sale entered on July 29, 1980, was an interlocutory judgment, that is, a nonfinal judgment made in the foreclosure action; (2) since a nonfinal judgment is not appealable as a matter of right, sec. 808.03 (2), Stats. 1979–80, the Lauers' failure to appeal from the judgment of foreclosure and sale does not preclude review of that judgment on an appeal from the final judgment or order; (3) the final order in this case is the order confirming the sale; (4) since a final order is appealable as a matter of right, sec. 808.03 (1), Stats. 1979–80, the Lauers have a right to appeal from the order confirming the sale; (5) an appeal from a final order brings before the appellate court all prior nonfinal judgments, orders, and rulings adverse to the Lauers and favorable to Shuput made in the action or proceeding and not previously appealed and ruled upon, sec. 809.10 (4), Stats. 1979–80; (6) the Lauers' appeal from the

order confirming the sale, a final order, brings before the appellate court the judgment of foreclosure and sale, a prior nonfinal judgment.

Shuput urges us to hold that the judgment of foreclosure and sale is a final order which is appealable as a matter of right and that because the Lauers did not timely appeal from that judgment the court of appeals is without jurisdiction to consider a challenge to the judgment of foreclosure and sale in an appeal from an order confirming the sale.

Before discussing the nature of the judgment of foreclosure and sale and the order confirming the sale, we review the distinction between final and nonfinal judgments. The statutes provide for appeals from final judgments and orders and from judgments and orders which are not final. A final judgment or order may be appealed to the court of appeals as a matter of right, sec. 808.03(1), Stats. 1979–80, within the time specified in sec. 808.04, Stats. 1979–80. Nonfinal judgments or orders, generally referred to as interlocutory judgments or intermediate orders, may be appealed to the court of appeals in advance of a final judgment only upon leave granted by the court. Sec 808.03(2), Stats. 1979–80. Interlocutory judgments and intermediate orders are not final judgments or orders appealable as a matter of right under sec. 808.03(1), Stats. 1979–80.

A final judgment is defined in sec. 808.03(1), Stats. 1979–80, as a judgment "which disposes of the entire matter in litigation as to one or more of the parties, whether rendered in an action or special proceeding." This statutory definition is explained by Robert Martineau and Richard Malgrem in *Wisconsin Appellate Practice,* sec. 402, p 21 (1978), as a judgment which "terminates the litigation on the merits and leaves nothing to be done but to enforce by execution what has been determined. *Asher v. Ruppa,* 173 F.2d 10 (7th Cir 1949)."

An interlocutory judgment is similar to a final judgment in that a decision on the merits has been made. Sec. 806.01(2), Stats. 1979–80, describes an interlocutory judgment as a "finding substantially disposing of a claim on its merits but leaving an account to be taken or a condition to be performed in order fully to determine the rights of the parties." An interlocutory judgment is rendered rather than a final judgment because a factor necessary to the final judgment cannot be determined at trial. An intermediate order, unlike a final or interlocutory judgment, is not a determination of the action, sec. 806.01(1), but settles only ancillary matters.

According to this statutory scheme, the decision whether the judgment of foreclosure and sale or the order confirming the sale is appealable as a matter of right depends on whether the judgment or order disposes of the entire matter in litigation as to one or more of the parties.

By contending that the order confirming the sale is a final order and that the judgment of foreclosure and sale is not, the Lauers equate the modern foreclosure action with the actual sale of the mortgaged property. As Professor E. George Rudolph explains, this view of the foreclosure action is erroneous and is a result of misunderstanding the way foreclosure law has developed. Professor Rudolph describes the historical development of the foreclosure action and the difference between the judgment of foreclosure and the sale of the property as follows:

"Viewed historically the primary function of foreclosure is to terminate the mortgagor's interest in the mortgaged land. This was entirely clear under the early practice when strict foreclosure was the prevailing remedy and the decree operated simply to make the mortgagee's title absolute upon the expiration of a specified period for redemption. But with the general change

over to foreclosure by sale, and the development of the lien theory, we have come to place principal emphasis upon the security aspect of the mortgage, and to view foreclosure more as a means for applying the property to the satisfaction of the debt. This, in turn, has resulted in a tendency to equate foreclosure with the sale of land on execution. As an original proposition this would seem to make good sense, but historically the two are entirely different. . . ." Rudolph, *Wyoming Foreclosure Decrees—Personal Judgments and the Right to Jury Trial,* 4 Land and Water L. Rev. 227, 227 (1969).

Wisconsin statutes provide for a foreclosure action that has two steps: The judgment of foreclosure and sale, and the proceedings after the judgment.

The judgment of foreclosure and sale determines the parties' legal rights in the underlying obligation and in the mortgaged property and thus determines the default, the right of the mortgagee to realize upon the security, the time and place of sale of the security and the notice required, and the right of the mortgagee to a judgment of deficiency. Ch. 846, Stats. 1979–80.

The statutory proceedings after the judgment of foreclosure and sale, namely, the sale, judicial confirmation of the sale, the computation of the deficiency, and the entry of the judgment for deficiency, carry into effect and enforce the judgment of foreclosure and sale. Ch. 846, Stats. 1979–80. The order confirming the sale, though a part of the foreclosure action, is distinct from the judgment of foreclosure and sale. The order confirming the sale determines the interests of the parties to the sale who are not necessarily the same parties as are interested in the proceedings leading to the judgment of foreclosure and sale. The purchaser at the sale is a party interested in the proceedings to confirm the sale. In *Gumz v. Chickering,* 19 Wis. 2d 625, 632, 121 N.W.2d 279 (1962), we acknowledged the right of the purchaser of real estate at a foreclosure sale to become a "quasi-

party to the action," so far as the proceedings to confirm the sale are concerned, and to appeal from orders affecting his right to such confirmation.

Our study of foreclosure actions and the Wisconsin foreclosure statutes persuades us that the judgment of foreclosure and sale determines the rights of the parties and disposes of the entire matter in litigation and that the sale and confirmation proceedings are more logically characterized as an execution of judgment. Accordingly we hold that the judgment of foreclosure and sale is a final judgment appealable as a matter of right under sec. 808.03(1), Stats. 1979–80, which must be appealed within the time prescribed by statute. We further hold that the order confirming the sale is a final order appealable of right under sec. 808.03(1) and that an appeal from the order enables the appellant to challenge the proceedings subsequent to the judgment of foreclosure and sale, not the judgment itself.

Our holding in this case is in harmony with our prior cases. Although our court has not previously ruled on the particular issue presented in this case, this court has, in numerous foreclosure cases, adhered to the view that the judgment of foreclosure and sale is a final determination of the rights of the party. In *Witter v. Neeves*, 78 Wis. 547, 549–50, 47 N.W. 938 (1891), this court characterized the judgment of foreclosure and sale as a final and full adjudication between the parties, saying:

"The meaning of this [foreclosure] statute is perfectly clear. The court makes a full and final adjudication of everything, even to the order for the entry of the judgment for the deficiency by the clerk on confirmation of the report of the sale. The court has nothing further to do than the confirmation of the report of the sale. It is a final determination of the court of the rights of the parties. The entry of the judgment for deficiency,

and docketing it, is ministerial and clerical, *pro forma,* and as a matter of course."[2]

*See also, e.g., Vande Voort v. Stern,* 16 Wis. 2d 85, 89, 114 N.W.2d 126 (1962); *Mason v. West Park Realty Co.,* 193 Wis. 14, 213 N.W. 286 (1927); *Homestead Land Co. v. Saveland,* 139 Wis. 663, 121 N.W. 892 (1909); *Pereles v. Leiser,* 123 Wis. 233, 237, 101 N.W. 413 (1904). In all the Wisconsin foreclosure cases we have read, defects in the proceedings leading up to the judgment were challenged on appeal from the judgment of foreclosure and sale[3] and defects in the sale proceedings were challenged on appeal from the order confirming the sale.[4]

Our holding in this case is also in accord with the views expressed by the commentators and with the decisions of courts in other jurisdictions. There is general agreement that the judgment of foreclosure and sale is a final decree; that the proceedings subsequent thereto relating to the sale are analogous to the execution of a judgment and simply enforce the parties' rights which have been adjudicated; that a party who wishes to contest the judgment of foreclosure and sale must appeal from that judgment; that the judgment of foreclosure and sale cannot be challenged on appeal from an order confirming the sale; and that on an appeal from an order confirming the sale an aggrieved person may challenge

---

[2] The statutory language the court relied upon in *Witter* is essentially unchanged in the present statutes.

[3] *See e.g., Pleasure Time, Inc. v. Kuss,* 78 Wis. 2d 373, 254 N.W.2d 463 (1976); *Mutual Federal S&L v. American Medical Services,* 66 Wis. 2d 210, 223 N.W.2d 921 (1974); *Mutual Federal S&L v. Wis. Wire Works,* 58 Wis. 2d 99, 205 N.W.2d 762 (1973).

[4] *See e.g., Baumgarten v. Bubolz,* 104 Wis. 2d 210, 311 N.W.2d 230 (Ct. App. 1981); *Voluntary Assignment of Linton v. Schmidt,* 88 Wis. 2d 183, 277 N.W.2d 136 (1979); *Citizens Bank of Sheboygan v. Rose,* 59 Wis. 2d 385, 208 N.W.2d 110 (1972).

the regularity of the proceedings subsequent to the judgment of foreclosure and sale.[5]

That we view the judgment of foreclosure and sale as a final judgment in no way contradicts *Family Savings & Loan Assn. v. Barkwood Landscaping Co., Inc.,* 93 Wis. 2d 190, 205–06, 286 N.W.2d 581 (1979), in which the finality of an execution sale is contrasted with that of a foreclosure sale. The court concluded in *Family Savings* that a foreclosure sale is not final until confirmed by the court, saying:

"An execution sale is completed when made without any action or approval by the court. A sheriff's sale on foreclosure requires court approval; until the sale is confirmed, the foreclosure action is not completed. *Gerhardt v. Ellis,* 134 Wis. 191, 195, 114 N.W. 495 (1908). Accordingly, the court in a foreclosure proceeding retains its inherent equitable authority to review and supervise the proceeding."

One should not construe this language in *Family Savings* to mean that the judgment of foreclosure and sale is not final until the sale is confirmed; rather, one should construe it as stating that the sheriff's sale is not final until the sale is confirmed. In other words, title to the property does not pass prior to confirmation of the sale. This interpretation of *Family Savings* is consistent with the *Gerhardt* decision upon which this court relied

---

[5] See, *e.g.,* 2 Wiltsie *On Mortgage Foreclosure,* sec. 741, p. 1189 (5th ed. 1939); 10 Thompson, *The Modern Law of Real Property,* sec. 5164, pp. 143–44 (Grimes ed. 1957); 3 Jones, *On Mortgages,* secs. 2034, 2104, pp. 486, 591, 593 (8th ed. 1928); 1 Glenn, *On Mortgages,* sec. 66, pp. 415–17 (1943); *Ray v. Law,* 7 U.S. (3 Cranch) 179 (1805); *Dodge v. Davidson,* 27 Minn 376, 7 N.W. 732 (1880); *Kirby v. Runals,* 140 Ill. 289, 29 N.E. 697, 698 (1892); *Strother v. Wilkinson,* 108 Okla. 57, 233 Pac. 719, 720 (1925); *Fiman v. Hagedorn,* 185 Minn. 582, 242 N.W. 292, 294 (1932); *MDG Supply, Inc. v. Diversified Investments, Inc.,* 51 Haw. 375, 463 P.2d 525, 528 (1969), cert. den. sub nom. 400 U.S. 868 (1970).

in *Family Savings* and with *Allen v. Elderkin,* 62 Wis. 627, 22 N.W. 842 (1885), and *Welp v. Gunther,* 48 Wis. 543, 4 N.W. 647 (1880), upon which this court relied in *Gerhardt.*

For the reasons set forth, we do not review the judgment of foreclosure and sale on the Lauers' appeal from the order confirming the sale. Furthermore, since the Lauers do not contest the order of confirmation and therefore raise no issues to be decided on appeal or review, we affirm the decision of the court of appeals which summarily affirmed the order of the circuit court confirming the sale.

## III.

The Lauers contend that the circuit court should have provided relief from the judgment of foreclosure and sale under sec. 806.07, Stats. 1979–80, which empowers the circuit court to relieve a party from a judgment, order, or stipulation on motion of a party.[6]

---

[6] "806.07  **Relief from judgment or order.** (1) On motion and upon such terms as are just, the court may relieve a party or legal representative from a judgment, order or stipulation for the following reasons:

"(a) Mistake, inadvertence, surprise, or excusable neglect;

"(b) Newly-discovered evidence which entitles a party to a new trial under s. 805.15(3);

"(c) Fraud, misrepresentation, or other misconduct of an adverse party;

"(d) The judgment is void;

"(e) The judgment has been satisfied, released or discharged;

"(f) A prior judgment upon which the judgment is based has been reversed or otherwise vacated;

"(g) It is no longer equitable that the judgment should have prospective application; or

"(h) Any other reasons justifying relief from the operation of the judgment.

"(2) The motion shall be made within a reasonable time, and, if based on sub. (1)(a) or (c), not more than one year after the

The court of appeals concluded that the circuit court's order in this case was not appealable under the rule set forth in *Ver Hagen v. Gibbons,* 55 Wis. 2d 21, 197 N.W.2d 752 (1972). In *Ver Hagen t*his court distinguished between an appealable and a non-appealable order entered pursuant to a motion for relief from a judgment or order and concluded that the appealability of the order denying the motion depends on whether the issues raised by the motion were determined in the original judgment. The *Ver Hagen* court held that in order to appeal from an order denying a motion to be relieved from a judgment, the movant must present issues not already determined by the judgment. *See also Marsh v. Milwaukee,* 104 Wis. 2d 44, 48, 310 N.W.2d 615 (1981) ; *La Crosse Trust Co. v. Bluske,* 99 Wis. 2d 427, 429, 299 N.W.2d 302 (Ct. App. 1980).

The court of appeals held that the Lauers' motion raised no issues that had not been determined in the judgment of foreclosure and sale and that the order was not appealable. We conclude, however, that the Lauers' motions did raise a new issue and that the circuit court's denial of the motions was an appealable order.

The Lauers base their motions to vacate the judgment of foreclosure and sale and to be relieved from the stipulation on three grounds: Misrepresentation by the plaintiff, sec. 806.07(1)(c) ; "it is no longer equitable that the judgment should have prospective application," sec. 806.07(1)(g) ; and excusable neglect, sec. 806.07(1) (a). We agree with the court of appeals that the issue of misrepresentation was determined by the circuit court

judgment was entered or the order or stipulation was made. A motion based on sub. (1)(b) shall be made within the time provided in s. 805.16. A motion under this section does not affect the finality of a judgment or suspend its operation. This section does not limit the power of a court to entertain an independent action to relieve a party from judgment, order, or proceeding, or to set aside a judgment for fraud on the court."

in the order approving the stipulation, in the judgment of foreclosure and sale, and in the order denying the Lauers' motion to set aside the stipulation. The motions and the affidavit supporting the motion fail to explain the "equitable" ground for relief, and therefore we do not consider that this issue was properly raised in the motion papers. Had the motion papers presented only these issues, we would agree with the court of appeals that the circuit court's order is not appealable.

The Lauers predicate their claim of excusable neglect on their attorney's alleged incompetence. They assert in the affidavit filed with the motions that the judgment of foreclosure and sale was entered because of the incompetence of their counsel. They claim that their lawyer approved a stipulation which was incorrect, that their lawyer did not appear during proceedings in which the stipulation was approved, and that their lawyer failed to appeal from the judgment of foreclosure. The original judgment did not determine the issue of attorney competence, and the court of appeals therefore erred in concluding that the order is not appealable under *Ver Hagen.*

We have reviewed the motions, affidavit, and the hearing on the motions, and we conclude that we should affirm the circuit court's order. Authority to grant relief pursuant to sec. 806.07, Stats. 1979–80, rests within the discretion of the circuit court. On appeal from an order denying a motion for relief from a judgment, the circuit court's decision will not be reversed unless there has been a clear abuse of discretion. *Family Savings Loan Ass'n v. Barkwood Landscaping Co., Inc.,* 93 Wis. 2d 190, 204, 286 N.W.2d 581 (1980).

The term "discretion" contemplates a process of reasoning which depends on facts that are in the record or are reasonably derived by inference from the record, and

yields a conclusion based on logic and founded on proper legal standards. The circuit court in this case did exercise its discretion on the basis of the facts, logic, and proper legal standards.

The circuit court considered that the parties had negotiated at length before the stipulation was finally worked out and that the case had been in court several times. The circuit court offered to continue the case for two weeks to give the Lauers an opportunity to present proof of their assertions, but the Lauers' new counsel said that they could not be prepared within that time. The circuit court then refused to grant additional time and denied the Lauers' motion, saying:

"The motion is denied. You had people come in time and time again, this thing has gone on with substitute attorneys and criticize prior counsel. You say you're set to come in here and offer testimony and verify it, I give you a chance to prove it; and you want to delay. In other words, you're telling me you're not ready. . . . You've had all kinds of opportunities. You're the second or third attorney, and we've had nothing but motions."

■ After reading the record we conclude that the circuit court did not abuse its discretion in denying the motions to vacate the judgment of foreclosure and sale or to relieve the Lauers from the stipulation.

*By the Court.*—The decision of the court of appeals is affirmed.