SECURITY STATE BANK,
Plaintiff-Respondent,

v.

Dale J. SECHEN and Donna L. Sechen,
Defendants-Appellants,

ASHLAND MOTOR Co. and
State Bank of Drummond,
Defendants,

NORTHSOUTH, LLC,
Appellant,

Peter LULICH,
Respondent,†

Lois J. KOVAL and Ron and LuAnne Prochnow,
Defendants-Respondents.

Court of Appeals

*2005AP482. Submitted on briefs October 3, 2005.
—Decided October 18, 2005.*

2005 WI App 253

(Also reported in 707 N.W.2d 576.)

† Petition to review denied 2-27-06.

On behalf of the defendants-appellants, Dale J. Sechan and Donna L. Sechan, and the appellant, North-

south, LLC, the cause was submitted on the briefs of *Michael J. Happe* of *Ryberg & Happe, S.C.* of Eau Claire.

On behalf of the respondent, Peter Lulich, the cause was submitted on the brief of *Jeffrey F. Snyder* of Cable.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. CANE, C.J.   Dale and Donna Sechen appeal an order confirming the sheriff's sale of their foreclosed property. The Sechens argue the circuit court erred when it denied them their right to redeem the property after the sheriff's sale but before the confirmation of the sale. We agree that the Sechens had a right to redeem the property prior to the confirmation. Therefore, we reverse the court's order.

### BACKGROUND

¶ 2.   Security State Bank held a mortgage on 355 acres of farmland owned by the Sechens. The bank foreclosed on the property and obtained a judgment of foreclosure on October 22, 2003. The judgment ordered the property split and sold in three parcels, A, B, and C. Consequently, a sheriff's sale was ordered and noticed. At the November 9, 2004 sale, Northsouth, LLC purchased parcel A and Peter Lulich purchased parcels B and C.

¶ 3.   Two days prior to the hearing to confirm the sale, Dale notified the bank that the Sechens were redeeming the property. On December 14, the day before the confirmation hearing, the Sechens sold the property to Northsouth and wired the payment owed to the bank. The bank held the payment in a money order until the hearing.

¶ 4.   At the hearing on December 15, the circuit court denied the Sechens' right of redemption. The

court interpreted the relevant statutes and case law as requiring redemption prior to the sheriff's sale. The court stated:

> I'm satisfied that the sale – the statute talks about the sheriff's sale, not the confirmation of sale, and the statute says before . . . .
>
> . . . .
>
> I'm satisfied the language is clear. It's before sale. The sale is the sheriff's sale. That's done. The high bidders win.

The court entered an order confirming the sheriff's report of sale and for delivery of the deeds to North-south for parcel A and to Lulich for parcels B and C.

### STANDARD OF REVIEW

¶ 5. Interpretation of a statute is a question of law that we review without deference. *State v. Campbell*, 2002 WI App 20, ¶ 4, 250 Wis. 2d 238, 642 N.W.2d 230. "Foreclosure proceedings are equitable in nature." *First Fin. Sav. Ass'n v. Spranger*, 156 Wis. 2d 440, 444, 456 N.W.2d 897 (Ct. App. 1990). The decision to confirm a foreclosure sale rests with the discretion of the trial court. *Gumz v. Chickering*, 19 Wis. 2d 625, 633–34, 121 N.W.2d 279 (1963). However, the court's decision will not be upheld if the record indicates "the trial court applied the wrong legal standard." *Oostburg State Bank v. United S&L Ass'n*, 130 Wis. 2d 4, 11–12, 386 N.W.2d 53 (1986).

### DISCUSSION

¶ 6. The sole issue is whether the Sechens had a right to redeem the foreclosed property after the

sheriff's sale but before the confirmation of the sale. The Sechens argue that the court incorrectly interpreted the relevant statutes when it denied them their right of redemption prior to confirmation of the sheriff's sale.

¶ 7. Foreclosure proceedings are governed by WIS. STAT. ch. 846.[1] In pertinent part, WIS. STAT. § 846.13 states that after a foreclosure judgment is entered a "mortgagor . . . may redeem the mortgaged premises at any time before the sale by paying to the clerk of the court in which the judgment was rendered, or to the plaintiff . . . the amount of such judgment." WISCONSIN STAT. § 846.17 directs the sheriff after the foreclosure sale to "make and execute to the purchaser . . . a deed of the premises sold . . . ." The statute goes on to note that only "upon confirmation of [the] sale" does the deed vest "all the right, title and interest of the mortgagor" in the purchaser and bars all further claims, including the "right of equity of redemption . . . ." *Id.*

¶ 8. We agree with the Sechens that the two statutes, read together, establish a mortgagor's right to redeem foreclosed property any time prior to sale, and "sale" occurs upon confirmation. The statutes are clear that only upon confirmation does title vest in the purchaser and extinguish the mortgagor's right of redemption.

¶ 9. Wisconsin case law supports this conclusion. *See Gerhardt v. Ellis*, 134 Wis. 191, 195, 114 N.W. 495 (1908). In *Gerhardt*, our supreme court held that "[t]here can be no doubt but that the right to redeem persists, at least until confirmation of sale . . . ." The court reasoned that the mortgagor's right of redemp-

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

tion survives until confirmation of the sale because only upon confirmation does the title vest in the purchaser. *Id.* at 196. Although *Gerhardt* interpreted the predecessor statutes to WIS. STAT. §§ 846.13 and 846.17, both sets of statutes are substantively identical. In 1990, we again recognized that "sale" under § 846.13 means confirmation of the sale. *See Hobl v. Lord,* 157 Wis. 2d 13, 17, 458 N.W.2d 536 (Ct. App. 1990), *rev'd on other grounds,* 162 Wis. 2d 226, 470 N.W.2d 265 (1991).

¶ 10.   Lulich's response is based in large part on *M&I Marshall & Ilsley Bank v. Kazim Inv., Inc.,* 2004 WI App 113, 269 Wis. 2d 479, 678 N.W.2d 322, which is inapplicable. In *M&I,* we held that a circuit court had "no authority to accept a plan of redemption that failed to provide for immediate, full payment." *Id.,* ¶ 5. Our decision in *M&I* does not contradict the earlier decision in *Gerhardt.* We do not see, and Lulich fails to explain, how *M&I* addresses the issue at present. As we have demonstrated, Wisconsin law establishes that the mortgagor has the right of redemption until confirmation of the sheriff's sale, and Lulich has provided no case law to rebut that contention.[2]

¶ 11.   Thus, the court erred when it ruled that the Sechens had no right to redeem the foreclosed property after the sheriff's sale but before the confirmation of the sale. We hold that the Sechens had a right to redeem the property.

*By the Court.*—Order reversed.

---

[2] Lulich also argues that the language of the statutes support the conclusion that the right of redemption does not exist after the sheriff's sale. We disagree for the reasons already articulated.