BANK OF AMERICA, N.A.,
Plaintiff–Appellee,

v.

Dawn R. MARTINSON, et al.,
Defendants–Appellants.

No. 13-3892

United States Court of Appeals,
Seventh Circuit.

Argued December 1, 2014

Decided July 5, 2016

Richard Aaron Chastain, Attorney, Bradley Arant Boult Cummings LLP, Birmingham, AL, Thomas C. Dill, Attorney, J. Peterman Legal Group, Ltd, Brookfield, WI, for Plaintiff–Appellee.

Kimberly Laura Alderman, Attorney, Alderman Law Firm, Madison, WI, for Defendants–Appellants.

Before BAUER, KANNE, and HAMILTON, Circuit Judges.

HAMILTON, Circuit Judge.

This appeal turns on an issue of appellate jurisdiction. Based on our court's decision in *HSBC Bank USA, N.A. v. Townsend*, 793 F.3d 771 (7th Cir. 2015), we conclude that the mortgage foreclosure judgment on appeal is not a final judgment so that the appeal must be dismissed.

Plaintiff Bank of America filed this suit in a Wisconsin state court in 2009 to foreclose a residential mortgage with an original principal balance of $489,000. The owners of the property, defendants Dawn Martinson Green and her husband Carl Green, are citizens of Minnesota and removed the case to the federal district court based on diversity of citizenship. After a bench trial, the district court found in favor of Bank of America and held that Bank of America was owed $708,027.92 as of November 12, 2013. The court entered a judgment of foreclosure and ordered sale of the property at a sheriff's auction after the time for redemption by the owners had expired. The foreclosure judgment also provided that the bank would not be entitled to obtain a deficiency judgment against any defendant.

The defendant-owners filed a notice of appeal, and the parties proceeded with briefing on the merits. The defendant-owners argued that the bank's evidence offered to prove the debt was not properly admissible and that the district court erred by not allowing them to amend their answer to add counterclaims. The bank responded on the merits. Because the *Townsend* appeal was pending in this court at the time of argument in this case, we directed the parties shortly before argument to be prepared to address the issue of appellate jurisdiction in more depth. They did so in written submissions and at oral argument.

*Townsend* held that a judgment of foreclosure applying Illinois law was not a final, appealable judgment under 28 U.S.C. § 1291 and that there was no other basis for appellate jurisdiction in the case. 793 F.3d 771. The panel majority in that case reasoned that three factors meant the foreclosure judgment ordering sale of the property was not final. First, the owner of the property retained statutory rights to redeem or reinstate the mortgage before a judicial sale. Second, if a judicial sale occurred, it would need to be confirmed in a further judicial proceeding. Third, the amount of any deficiency judgment could not be determined until the sale was held and the parties had an opportunity to contest its fairness. *Id.* at 775–77.

The foreclosure judgment in this case shares the principal characteristics of the non-appealable foreclosure judgment in *Townsend*. The judgment determined the total amount owed to the plaintiff bank as of the date of the judgment. It also allowed the plaintiff-bank to seek additional costs prior to the sale. The judgment ordered the sale of the property at a sheriff's auction, but only after three months had

534

passed to allow the defendant-owners to redeem the property under Wisconsin law. See Wis. Stat. § 846.13 (right of redemption); Wis. Stat. § 846.103 (requiring at least three-month delay after judgment before sheriff's sale for this category of property). The judgment also ordered the sheriff to report on the sale to the court for confirmation of the sale and ordered that, upon confirmation, the auction purchaser would be entitled to possession of the property. See Wis. Stat. §§ 846.16, 846.165, & 846.17.

One difference between this judgment and the judgment in *Townsend* is that this judgment provided that no deficiency judgment may be obtained against any defendant, so that the plaintiff-bank's recovery would be limited to the proceeds from the sheriff's foreclosure sale.

The *Townsend* majority opinion was not specific about how its holding might have been affected by a change in any of the factors it relied upon. Here we have two of the three *Townsend* factors: a post-judgment right of the defendant-owners to redeem the property under state law, and a court-ordered sale that would require further court approval before taking effect. Unlike *Townsend*, however, there is no prospect of further proceedings to determine the amount of any deficiency judgment after the sale.

In our view, *Townsend* controls the issue of appellate jurisdiction here despite the difference concerning deficiency judgments. What seems to have concerned the *Townsend* court most was the remaining potential for substantial proceedings concerning the court-ordered sale, as well as the prospect that the defendant-owner could exercise the right to redeem the property after the foreclosure judgment was issued. We do not read *Townsend* as making the path to appellate review depend on whether the foreclosure judgment does or does not allow for the possibility of a deficiency judgment. That approach would invite too much confusion in an area of procedure and practice where there should be a premium on clarity. See *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 202, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988) (stressing importance of adopting bright-line rules of appellate jurisdiction to ensure uniformity and predictability).

One other difference between this case and *Townsend* concerns the way the state courts handle the issue of appealability. *Townsend* arose in Illinois, and in the Illinois courts, a foreclosure judgment ordering a sale is not final and appealable, as *Townsend* held for a federal foreclosure judgment ordering a sale. An appeal in the Illinois courts must await an order confirming the foreclosure sale, see *Townsend*, 793 F.3d at 777, citing *EMC Mortgage Corp. v. Kemp*, 367 Ill.Dec. 474, 982 N.E.2d 152, 154 (2012), though the confirmation order may need to be stayed to protect the appellant's rights pending appeal. See *Townsend*, 793 F.3d at 780.

In Wisconsin courts, however, a foreclosure judgment ordering a sale like this one is treated as final and appealable. See *Anchor Savings & Loan Ass'n v. Coyle*, 148 Wis.2d 94, 435 N.W.2d 727, 729–30 (1989); *Shuput v. Lauer*, 109 Wis.2d 164, 325 N.W.2d 321, 325–26 (1982). As a result, by applying *Townsend* to this Wisconsin case, we create a significant, and potentially treacherous, difference between federal and state practice and procedure in mortgage foreclosure cases. Appellants in the state courts would lose their right to appeal by following our holding applicable to federal cases.

The answer to this concern must be that *Townsend* applied a federal standard of finality, a procedural issue governed by federal law. See *Budinich*, 486 U.S. at 198–99, 108 S.Ct. 1717. If we did not apply *Townsend* here, we would open up a conflict within our circuit on a question of

federal procedural law. We believe the law requires us to be consistent in applying federal procedure and to accept the inevitable potential for confusion based on the difference between federal and state procedure in such cases.

Justice Abrahamson's opinion for the Wisconsin Supreme Court in *Shuput* considered in detail this question of appealability in mortgage foreclosure cases. The opinion explained why treating a foreclosure judgment as appealable, before a court-ordered sale takes place and is confirmed, is consistent with more general principles about the difference between a merits judgment and its execution, and is consistent with the views of many other courts and respected commentators. See 325 N.W.2d at 326–27. Essentially the same points, including applicable precedents from the Supreme Court and this court, were before the panel in *Townsend*, however. See 793 F.3d at 781–96 (Hamilton, J., dissenting). The panel rejected them.

Since *Townsend* is binding precedent in this circuit, this appeal is DISMISSED for lack of appellate jurisdiction. Each side shall bear its own costs.